NICHOLAS H.K. JACKSON (Bar No. 15079)
KATHERINE B. BUSHMAN (Bar No. 15561)
KATIE M. COX (Bar No. 17188)
Disability Law Center
205 North 400 West
Salt Lake City, Utah   84103
Phone:(801) 363-1347
Fax:(801) 363-1437
Email: njackson@disabilitylawcenter.org
          kbushman@disabilitylawcenter.org
          kcox@disabilitylawcenter.org

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| CHERYL MEGARRY-STRIEBY,<br><br>          Plaintiff,<br><br>v.<br><br>THE KIRK MANAGEMENT LLC, D/B/A THE KIRK APARTMENTS,<br><br>and<br><br>CORNERSTONE RESIDENTIAL, LLC,<br><br>and<br><br>MISTY DEAKIN,<br><br>          Defendants. | **COMPLAINT**<br>(Jury Demand)<br><br>Case No. 2:22-cv-00135-BSJ<br><br>Judge Bruce S. Jenkins |

Pursuant to Rule 15(a)(1)(B) of the Federal Rules of Civil Procedure, Plaintiff CHERYL

MEGARRY-STRIEBY, by and through counsel, the Disability Law Center, alleges and

complains against Defendants THE KIRK MANAGEMENT LLC, D/B/A THE KIRK APARTMENTS, CORNERSTONE RESIDENTIAL, LLC, and MISTY DEAKIN, as follows:

## NATURE OF THE ACTION

This is a civil rights action to redress and prevent the violation of Ms. Megarry-Strieby's rights under the Fair Housing Amendments Act pursuant to 42 U.S.C. § 3601 *et seq.* ("FHAA"). Ms. Megarry-Strieby seeks injunctive relief, damages, costs, and attorney's fees pursuant to 42 U.S.C. § 3613(c).

## JURISDICTION AND VENUE

1. This Court has jurisdiction to hear and decide Plaintiff's FHAA claims pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 3613(a).

2. Venue for this action is proper in the United States District Court for the District of Utah, Central Division, pursuant to 28 U.S.C. §1391(b)(2) because it is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PARTIES

3. Plaintiff Cheryl Megarry-Strieby ("Ms. Megarry") is an individual residing in Tooele County, Utah. Ms. Megarry is a person with a disability as defined by 42 U.S.C. § 3602(h).[1] As a member of a protected class alleging discrimination on such membership, Ms. Megarry is an aggrieved person with standing to bring the FHAA claims alleged herein.

---

[1] 42 U.S.C. 3602(h) uses the word "handicap," but this complaint will use the term "disability" in an effort to reflect modern nomenclature.

4. Defendants The Kirk Management LLC, d/b/a The Kirk Apartments ("The Kirk") is a housing provider and the owner of The Kirk Apartments, located at 57 W Vine Street in Tooele, Utah, 84074. The principal address of The Kirk Management LLC is 948 Colmar Avenue, Salt Lake City, Utah 84104. As a housing provider, The Kirk is subject to the requirements of the FHAA.

5. Upon information and belief, Defendant Misty Deakin is assistant manager for The Kirk Apartments and is also subject to the requirements of the FHAA.

6. Defendant Cornerstone Residential, LLC ("Cornerstone") is a property management company with a principal address at 1525 North Main Street, Suite 105, in Bountiful, Utah, 84010. As a property management company providing management services for The Kirk, Cornerstone is subject to the requirements of the FHAA.

## FACTUAL BACKGROUND

7. Ms. Megarry has been diagnosed with a mental disorder which can result in hallucinations and other symptoms. This condition substantially limits one or more of her major life activities, including but not limited to thinking, caring for herself, making decisions, and relating to others.

8. Ms. Megarry is an individual with a disability as defined by the FHAA.

9. Ms. Megarry was a long-time resident of The Kirk, residing in Apartment 104.

10. Apartment 104 at The Kirk constitutes a "dwelling" pursuant to 42 U.S.C. § 3602(b).

11. On February 4, 2020, Ms. Megarry experienced a mental health crisis. She experienced auditory hallucinations in the form of "the voice of the Spirit" in her head, telling her that

        she had to take off her clothes and go outside immediately or people in her family would be killed. Ms. Megarry ran outside, nude and frightened.

12. The assistant manager of The Kirk at the time, Misty Deakin ("Ms. Deakin"), witnessed the crisis and called the police.

13. When the police arrived, they took Ms. Megarry to St. Mark's Hospital in Salt Lake City to be stabilized in the hospital's psychiatric ward.

14. After speaking with a doctor, Ms. Megarry called Ms. Deakin and asked her to take care of her cat, Cocoa Puff.

15. During that same call, Ms. Megarry told Ms. Deakin that she did not know when she would be released from the hospital and asked to pay her rent late because she was in the hospital.

16. Ms. Megarry called Ms. Deakin several times between February 4, 2020, and the first week of March 2020, the course of her stay in the St. Mark's psychiatric ward. Ms. Deakin continued to ask Ms. Megarry when she would be released, which Ms. Megarry did not know. Ms. Deakin did not otherwise provide any information, offer a reasonable accommodation, or commit to feed or care for Ms. Megarry's cat.

17. At the time of her hospitalization on February 4, 2020, Ms. Megarry was current on her rent through January 31, 2020.

18. Ms. Megarry had lived at The Kirk for many years without incident, and she regularly paid her rent on time.

19. On February 21, 2020, while Ms. Megarry was still hospitalized, Ms. Deakin physically placed a Three-Day Notice to Pay or Vacate on Ms. Megarry's apartment door at The Kirk.

20. Ms. Deakin knew Ms. Megarry was in the psychiatric ward at St. Mark's Hospital at the time of service because Ms. Megarry had regularly spoken to her on the telephone.

21. During their telephone conversations, Ms. Deakin never apprised Ms. Megarry about the Three-Day Notice to Pay or Vacate that she had physically placed on Ms. Megarry's apartment door.

22. Neither Ms. Deakin nor The Kirk made any effort to discuss with Ms. Megarry any concerns regarding her tenancy either before or after issuing the Three-Day Notice to Pay or Vacate.

23. Neither Ms. Deakin nor The Kirk made any effort to discuss with Ms. Megarry any accommodations that may have afforded her the equal opportunity to use and enjoy her dwelling, either before or after issuing the Three-Day Notice to Pay or Vacate.

24. On February 25, 2020, The Kirk filed a Complaint with the Third District Court in Tooele requesting a judgment against Ms. Megarry. (Exhibit A.)

25. The Complaint included a handwritten note affixed to the Three-Day Notice which read "D is at St Marks hospital [sic] psych unit." (*Id.*, page 5.)

26. Ms. Megarry was unaware of the Three-Day Notice and the filing of the complaint and so was not given an opportunity to pay or vacate before the complaint was filed.

27. On or about March 9, 2020, after being released from St. Mark's Hospital, Ms. Megarry attempted to pay her rent. Ms. Deakin refused, saying that Ms. Megarry no longer lived there.

28. At that time, Ms. Deakin told Ms. Megarry that she had given Cocoa Puff away to another family, but then later admitted that, upon trying to remove Cocoa Puff from Ms. Megarry's apartment, the cat had jumped from Ms. Deakin's arms and been hit by a car and killed.

29. Also on or about March 9, 2020, Ms. Megarry was physically served with the Summons of Unlawful Detainer and the Complaint and only then learned about the eviction. On March 11, 2020, Ms. Megarry filed an answer to the Complaint with the court.

30. On March 16, 2020, the court held an immediate occupancy hearing and informed Ms. Megarry that she had been evicted and mandated she evacuate her home by March 20, 2020.

31. Ms. Megarry complied and vacated her home, removing her belongings and temporarily moving into her mother's house with her brother, on March 20, 2020. At this time, Ms. Megarry understood the court proceedings to be complete.

32. Over the next several months, The Kirk continued to seek a monetary judgment against Ms. Megarry. Ms. Megarry was not aware of and received no notice of these proceedings.

33. On August 14, 2020, the court signed and filed a Judgment against Ms. Megarry in the amount of $6,149.48.

34. In or around late August 2020, Ms. Megarry received the Notice and Judgment and only then learned about the judgment against her.

35. As a direct result of the eviction, Ms. Megarry lost her housing voucher. She is currently on the waitlist to get her voucher back, but that may be months or years in the future.

36. After The Kirk made housing unavailable to Ms. Megarry on March 20, 2020, Ms. Megarry located temporary alternative housing in the form of moving back and forth between her mother's home, which had been put on the market, and a skilled short-term nursing facility, and has not had access to permanent housing.

37. The loss of Ms. Megarry's housing and her cat made it more difficult for her to focus on her health and caring for herself.

38. Ms. Megarry has experienced significant emotional distress and other harm, including but not limited to loss of housing opportunity and loss of housing voucher, from Defendants' actions.

## FIRST CLAIM FOR RELIEF

**(Making Housing Unavailable Based on Disability in Violation of the FHAA)**

39. Ms. Megarry repeats and realleges each allegation set forth in the paragraphs above and incorporates the same herein by reference, and further alleges as follows:

40. By the above conduct, Defendants made housing unavailable to Ms. Megarry on the basis of her disability, or because Defendants regarded Ms. Megarry as having a disability, in violation of 42 U.S.C. § 3604(f)(1)(A).

41. This discrimination included a failure to make reasonable accommodations in rules, policies, or practices, when such a reasonable accommodation would have afforded Ms. Megarry the equal opportunity to use and enjoy her dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

42. The Defendants' actions in doing so were willful, intentional, and taken in disregard of Ms. Megarry's federally protected rights.

## SECOND CLAIM FOR RELIEF

**(Discrimination in Terms and Conditions Based on Disability in Violation of the FHAA)**

43. Ms. Megarry repeats and realleges each allegation set forth in the paragraphs above and incorporates the same herein by reference, and further alleges as follows:

44. By the above conduct, Defendants subjected Ms. Megarry to different terms, conditions, and privileges on the basis of her disability, or because Defendants regarded Ms. Megarry as having a disability, in violation of 42 U.S.C. § 3604(f)(2)(A).

45. This discrimination included a failure to make reasonable accommodations in rules, policies, or practices, when such a reasonable accommodation would have afforded Ms. Megarry the equal opportunity to use and enjoy her dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

46. The Defendants' actions in doing so were willful, intentional, and taken in disregard of Ms. Megarry's federally protected rights.

## THIRD CLAIM FOR RELIEF

**(Refusal to Make Reasonable Accommodations in order to Afford an Equal Opportunity to Use and Enjoy a Dwelling in Violation of the FHAA)**

47. Ms. Megarry repeats and realleges each allegation set forth in the paragraphs above and incorporates the same herein by reference, and further alleges as follows:

48. By the above conduct, Defendants refused to make reasonable accommodations in rules, policies, or practices, when such a reasonable accommodation would have afforded Ms.

      Megarry the equal opportunity to use and enjoy her dwelling, in violation of 42 U.S.C. § 3604(f)(3)(B).

49.   The Defendants' actions in doing so were willful, intentional, and taken in disregard of Ms. Megarry's federally protected rights.

## FOURTH CLAIM FOR RELIEF

### (Retaliation and Interference Based on Disability in Violation of the FHAA)

50.   Ms. Megarry repeats and realleges each allegation set forth in the paragraphs above and incorporates the same herein by reference, and further alleges as follows:

51.   By the above conduct, Defendants retaliated against and interfered with Ms. Megarry in the exercise or enjoyment of her rights, in violation of 42 U.S.C. § 3617.

52.   The Defendants' actions in doing so were willful, intentional, and taken in disregard of Ms. Megarry's federally protected rights.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an order:

A. Declaring that the discriminatory conduct of the Defendants as set forth above violated the Fair Housing Amendments Act, 42 U.S.C. §§ 3601, *et seq.*;

B. Permanently enjoining the Defendants, their agents, employees, successors, and all other persons in active concert or participation with any of them from:

    a. Discriminating in the sale or rental of, or otherwise making unavailable or denying, a dwelling to any person because of disability;

    b. Discriminating against any person in the terms, conditions, or privileges of a sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of disability;

    c. Refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford any person equal opportunity to use and enjoy a dwelling; and

    d. Retaliating against or coercing, intimidating, threatening, or interfering with any person in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of any right protected by the Fair Housing Act.

C. Requiring the Defendants to take such affirmative steps as may be necessary to restore, as nearly as practicable, Ms. Megarry to the position she would have been in but for the discriminatory conduct;

D. Requiring Defendants to complete a fair housing training in order to prevent the reoccurrence of discriminatory housing practices in the future and to eliminate, to the extent practicable, the effects of their unlawful practices;

E. Awarding Ms. Megarry compensatory and punitive damages pursuant to the Fair Housing Amendments Act, 42 U.S.C. § 3613(c)(1), including pre- and post-judgment interest;

F. Awarding Ms. Megarry costs and fees from this action; and

G. Granting such other and further relief in favor of the Plaintiff as this Court deems just and proper.

## JURY DEMAND

Ms. Megarry hereby demands a trial by jury in accordance with Rule 38 of the Federal Rules of Civil Procedure.

DATED THIS 25th DAY OF FEBRUARY, 2022.

                                          DISABILITY LAW CENTER
                                          Attorneys for Plaintiff

                                        By */s/Katie M. Cox*
                                              NICHOLAS H.K. JACKSON
                                              KATHERINE B. BUSHMAN
                                              KATIE M. COX